IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00119-KDB-DCK

| | |
|---|---|
| **KENNETH R. LAGONIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**BILL RATLIFF;**<br>**RAT'S MARINE SERVICE, LLC**<br>**AND JOHN DOES 1-10,**<br><br>Defendants. | **ORDER** |

In this action, Plaintiff Kenneth Lagonia has asserted claims for breach of contract, unfair trade practices and other wrongful conduct arising out of Defendants' alleged failure to properly repair and transport a houseboat from West Virginia to North Carolina. Defendants have responded to the Complaint by filing a Motion to Dismiss (Doc. No. 3) which contends that the Court lacks personal jurisdiction over the Defendants Bill Ratliff, a West Virginia resident, and Rat's Marine Service, LLC ("Rat's Marine"), a West Virginia business. The Court has carefully considered this motion and the parties' related briefs and exhibits. Although Defendants are domiciled outside of North Carolina, Plaintiff has sufficiently alleged that Defendants knowingly entered into an agreement with a North Carolina resident to repair and transport his property into North Carolina and that the claims in this action arise from that agreement. Therefore, the Court will **DENY** the motion to dismiss.[1]

---

[1] In the motion to dismiss, the named Defendants seek to dismiss not only the claims against them but also the claims against the putative defendant John Does 1-10. The Court cannot decide the propriety of personal jurisdiction over unnamed defendants. Accordingly, the Court does not reach

1

## I. LEGAL STANDARD

When personal jurisdiction is properly challenged under Rule 12(b)(2), the burden is on the plaintiff ultimately to prove the Court's jurisdiction over the defendants by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). However, "when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). In deciding whether the plaintiff has made the requisite showing, the Court must construe all allegations and evidence available relating to the issue of personal jurisdiction in the light most favorable to the plaintiff. *Id.*

Rule 4 of the Federal Rule of Civil Procedure prescribes that state law controls the extent to which a federal court may exercise personal jurisdiction over a defendant. Fed. R. Civ. P. 4(k)(1)(A). Accordingly, North Carolina's Long Arm Statute, N.C. Gen. Stat. Ann. § 1-75.4, governs the reach of federal courts in North Carolina over out-of-state defendants, subject to the federal constitutional constraints of the Due Process Clause of the Fourteenth Amendment on the state's application of its long-arm statute. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). Courts have long held, however, that North Carolina's long-arm statute extends to the maximum boundaries allowed by the Due Process Clause; therefore, what would otherwise be a two-step analysis, *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990), essentially folds into one: "whether the defendant has such 'minimal contacts' with the forum state

---

that portion of the Motion to Dismiss, which will be denied without prejudice to the right of any newly named defendant to challenge jurisdiction.

that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (US 1945)).

To establish minimum contacts, a plaintiff may pursue either general or specific jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002). To establish general jurisdiction, the defendant's activities in the state must have been "continuous and systematic." *Id*. If specific jurisdiction is alleged (as in this case), the court exercises its power over a defendant when defendant's contacts within the state are the basis of the plaintiff's cause of action. *Id*.

In analyzing the contacts for specific jurisdiction, courts "consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id*.; *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n. 8 (1984). In conducting this inquiry, the Court must focus on "the quality and nature of [the relevant] contacts." *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 238 (D.Md.1992), *aff'd*, 991 F.2d 1195 (4th Cir.1993). The Court should not "merely ... count the contacts and quantitatively compare this case to other preceding cases." *Id*. Even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that the principle of "fair play and substantial justice" is not thereby offended. *Id*. (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985)).

## II. FACTS AND PROCEDURAL HISTORY[2]

In November 2018, Lagonia, who is resident of Mooresville, North Carolina, began considering the purchase of a 1977 58-foot Somerset houseboat (the "boat") that was located in West Virginia to use as his home and a home for other veterans. Prior to purchasing the boat, Lagonia wanted to obtain assurances that the boat was in sound condition and that transportation of the boat from West Virginia to North Carolina would not be a problem. Lagonia then contacted Ratliff, the sole member of Rat's Marine, who allegedly assured Lagonia that the Defendants had years of experience and possessed the knowledge and expertise to perform the inspection of the boat and further that he could arrange for the transportation of the boat to North Carolina. Thereafter, Defendants completed an inspection of the boat and made representations to Lagonia on the cost of transportation. Allegedly relying on Defendants' report, Lagonia purchased the boat and entered into an agreement with the Defendants to repair the boat and transport it to North Carolina.

From November 2018 until late July 2019, Defendants allegedly repaired the boat and made arrangements to transport the boat to North Carolina. However, the boat has never been delivered, and Lagonia contends that Defendants ruined the boat through negligent and fraudulent repairs and made numerous false representations concerning the boat's delivery. Also, Lagonia alleges that Defendants has refused to release the boat to Lagonia so that another company can transport the boat to North Carolina.

This action was filed by Lagonia, *pro se*, on September 6, 2019. In response, Defendants moved to dismiss all the claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[2] The facts described in this Order are taken from the Complaint, Doc. No. 1.

## III. DISCUSSION

The parties do not dispute the relevant legal principles and factors the Court must consider in determining whether it has personal jurisdiction over the Defendants. Rather, their dispute is over the application of those well-established tests. As noted above, this Court must "consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009); *ALS Scan,* 293 F.3d at 711–12.

Defendants primary argument is that they have not purposely availed themselves of the privilege of conducting activities in North Carolina. In considering "purposeful availment," courts consider a variety of factors, including: "(1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities within the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum." *Consulting Engineers,* 561 F.3d at 278.

A number of these factors favor the Defendants. They do not maintain offices, do not own property and have not engaged in long-term business activities in North Carolina. Also, they did not make "in-person" contacts with the Plaintiff in the state nor is there any allegation that

the parties agreed on which state's law would govern their agreements. On the other hand, Plaintiff has alleged that the ultimate performance of the contract was to take place in North Carolina, that Defendants actively sought to engage in business with them in North Carolina (after Plaintiff initiated the first contact) and Defendants participated in a months' long series of ongoing communications about transporting the boat to North Carolina. Thus, the Court must compare these respective contacts, accepting the alleged jurisdictional facts as true along with all reasonable inferences.

In the final balance, the Court finds that, although it is a close question, the depth and extent of the Defendants' engagement with the Plaintiff with respect to work that was to take place in North Carolina is sufficient for the Court to find that Plaintiff has established a prima facie case that Defendants purposely availed themselves of the privilege of conducting activities in North Carolina. *See Turner v. Syfan Logistics,* 2016 U.S. Dist. LEXIS 51460, at *12 (W. D. Va. April 18, 2016) (personal jurisdiction found in Virginia over a Georgia company that had no ties to Virginia other than agreement to transport goods through Virginia on the way to West Virginia); *see also, Brandi v. Belger Cartage Service,* 842 F. Supp. 1337, 1342 (D. Kan. 1994) (knowingly arranging for the transport of goods through the state of Kansas is sufficient minimum contact with the state); *Mississippi Interstate Express, Inc. v. Transpo, Inc.,* 681 F.2d 1003, 1010 (5th Cir. 1982) (same); *Beavers v. Riley Built, Inc.,* 2017 U.S. Dist. LEXIS 193183, at *8 (W.D. Ky. Nov. 21, 2017) (because the parties intended that the product at issue would be transported back to the plaintiff's resident state of Kentucky, the court had personal jurisdiction over the defendant).

The second prong of the test for personal jurisdiction asks whether the claims at issue arise out of the activities the defendant directed at the forum state. While Defendants did not ultimately conduct any activities in North Carolina (because the boat was repaired in West Virginia and was never delivered to North Carolina), all of Plaintiff's claims arise out of the Defendants' alleged failure to deliver a fully repaired and operable boat to North Carolina. Under these circumstances it would be wrong (and ironic) for the Court to hold that the claims did not arise out of activities *"directed"* into North Carolina solely because the Defendants never brought the boat to North Carolina, which they allegedly promised to do. Accordingly, the Court finds that Plaintiff has shown that the claims at issue arise out of activities directed to North Carolina.

Finally, the Court finds that Plaintiff has satisfied the third prong of the test, which is "that the exercise of personal jurisdiction be constitutionally reasonable." In determining the constitutional reasonableness of exercising jurisdiction, the Court considers: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. *Consulting Engineers,* 561 F.3d at 278-79. While it would no doubt be more convenient for Defendants to litigate the case against them in West Virginia, there is no substantial burden on them to defend the claims in North Carolina, where they have already obtained counsel. Further, it would be much more of a burden for the Plaintiff, who is appearing *pro se* and alleges that he is in poor health, to pursue the case in West Virginia. North Carolina has an interest in protecting its citizens from alleged fraud and breach of contractual agreements (although West Virginia presumably has a reciprocal interest in

protecting its businesses from commercial claims that Defendants allege lack merit). The case can be efficiently resolved by courts in either state,[3] and there is no particular social policy of either state that will be significantly impacted by this action.

Thus, there appears to be no reason that it would be constitutionally unreasonable for the Court to exercise personal jurisdiction over the Defendants. Indeed, in their memorandum in support of the motion to dismiss, Defendants do not argue that if the Court determines that they met the other parts of the test (which they deny that they do) that it would be constitutionally unreasonable for the Court to exercise personal jurisdiction. Accordingly, the Court finds that it may reasonably exercise personal jurisdiction over the Defendants under the Constitution.

---

[3] Even though this case will remain in North Carolina, discovery of the Defendants and the boat will likely occur predominantly in West Virginia, where the Defendants and the boat presumably are still located.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 3) is **DENIED** as to Defendants Bill Ratliff and Rat's Marine Service, LLC;

2. The Court **DENIES** the Motion to Dismiss (Doc. No. 3) as to Defendants John Does 1-10, without prejudice to any later named defendant raising the same and/or other defenses to any asserted claims; and

3. This case shall **proceed to discovery and further proceedings on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 7, 2020

Kenneth D. Bell
United States District Judge